Lara A. Grines (SBN 316629)
lara.grines@bakermckenzie.com
**BAKER & McKENZIE LLP**
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067
Telephone: +1 310 210 4728
Facsimile: +1 310 201 4721

Attorneys for Defendant
AIR PRODUCTS AND CHEMICALS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MARSHALL KNIGHT<br><br>        Plaintiff,<br><br>   v.<br><br>AIR PRODUCTS AND CHEMICALS, INC., a corporation; and DOES 1 through 25, inclusive,<br><br>        Defendants. | **Case No.**<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT** |

Baker & McKenzie LLP
1901 Avenue of the Stars,
Suite 950
Los Angeles, CA 90067
+1 310 201 4728

NOTICE OF REMOVAL

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION, AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant Air Products and Chemicals, Inc. ("Air Products"), by and through its attorneys, Baker & McKenzie LLP, pursuant to 28 U.S.C. §§ 1332 and 1441, hereby files this Notice of Removal, based on diversity of citizenship jurisdiction, to effect the removal of the above-captioned action from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California, Western Division, and states that removal is proper for the following reasons:

## BACKGROUND

1. On April 29, 2020, Plaintiff Marshall Knight ("Plaintiff"), filed a civil complaint in the Superior Court of the State of California, County of Los Angeles, case number 20STCV16299.

2. The Complaint alleges causes of action for: (1) Disability Discrimination; (2) Failure to Accommodate; (3) Failure to Engage in an Interactive Process; (4) Retaliation under FEHA; (5) Failure to Prevent Harassment and Discrimination; (6) Retaliation under CFRA; and (7) Wrongful Termination in Violation of Public Policy.

3. On May 5, 2020, Air Products was served with a Summons and the Complaint. A true and correct copy of the Complaint and Summons in this action is attached hereto as **Exhibit A**.

4. The only named defendant in the causes of action in the Complaint is Defendant.

5. On June 2, 2020, Air Products filed its Answer in the Superior Court. A true and correct copy of the Answer in this action is attached hereto as **Exhibit B**.

///
///
///

Baker & McKenzie LLP
1901 Avenue of the Stars,
Suite 950
Los Angeles, CA 90067
+1 310 201 4728

2
NOTICE OF REMOVAL

## TIMELINESS OF REMOVAL

6. Because Plaintiff served the Complaint upon Air Products on May 5, 2020, this Notice of Removal is timely, as it is filed within thirty days of the date the Complaint was served. *See* 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (holding that the thirty-day deadline to remove commences upon service of the summons and complaint).

## REMOVAL ON THE BASIS OF DIVERSITY JURISDICTION

7. Because this action is between citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a). Accordingly, this action is removable to this Court pursuant to 28 U.S.C. § 1441(a).

## PLAINTIFF'S CITIZENSHIP

8. Plaintiff is, and at the institution of this civil action was, a citizen of the State of California. Plaintiff alleges that he "is, and at all times material hereto was an individual residing in the County of Los Angeles, State of California." (Ex. A, Compl. ¶ 3.)

9. Residence is *prima facie* evidence of domicile and therefore citizenship. *See Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 885-86 (9th Cir. 2013).

## AIR PRODUCTS' CITIZENSHIP

10. Pursuant to 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principle place of business."

11. The appropriate test to determine a corporation's principal place of business is the "nerve center" test. *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010). Under the "nerve center" test, a corporation's principal place of business is the single place within a particular State where the corporation's officers direct, control, and coordinate the corporation's activities, which is typically the place at which the corporation maintains its headquarters. *See id.* The Supreme Court has used "[t]he

metaphor of the 'corporate brain'" to describe a corporation's principal place of business. *See id.* at 95.

12. Air Products is incorporated under the laws of the State of Delaware.

13. Air Products maintains its headquarters in Allentown, Pennsylvania. The CEO and President of Air Products maintain their offices at its headquarters in Allentown, Pennsylvania. In short, Air Products' "nerve center" or "corporate brain" is located at its headquarters in Allentown, Pennsylvania.

## DOE DEFENDANTS' CITIZENSHIP

14. Pursuant to 28 U.S.C. § 1441(b), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. § 1332. *See Fristos v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (holding unnamed defendants are not required to join in a removal petition). Thus, the possible existence of unnamed Doe Defendants, 1 through 25 inclusive, does not deprive this Court of jurisdiction.

## AMOUNT IN CONTROVERSY

15. While Air Products denies any liability as to Plaintiff's claims, the amount in controversy "more likely than not" exceeds $75,000. *See Sanchez v. Monumental Life Ins. Co.*, 95 F.3d 856, 862 (9th Cir. 1996). Here, the damages requested by Plaintiff "more likely than not" exceed $75,000, exclusive of interests and costs, as required by 28 U.S.C. § 1332(a), based on the allegations, claims and prayer for relief set forth in the Complaint.

16. Where a complaint "fails to allege a sufficiently specific total amount in controversy . . . [courts] apply the preponderance of the evidence burden of proof to the removing defendant." *Guglielmino v. McKee Foods Corp.*, 506 F.3d 701 (9th Cir. 2007). Here, Plaintiff has not specified the amount that he alleges is in controversy nor has he expressly limited his recovery in this case. As such, the preponderance of the evidence standard applies in determining whether the jurisdictional threshold is likely

///

Baker & McKenzie LLP
1901 Avenue of the Stars,
Suite 950
Los Angeles, CA 90067
+1 310 201 4728

4
NOTICE OF REMOVAL

to be met. *Id.* at 700 (applying the preponderance of the evidence standard where plaintiff's complaint alleged that "damages to each Plaintiff are less than $75,000").

17. Moreover, in determining the amount in controversy, the Court must consider the aggregate of general damages, special damages, punitive damages, and attorneys' fees. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (holding that claims for statutory attorneys' fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory); *Davenport v. Mut. Benefit Health & Accident Ass'n*, 325 F.2d 785, 787 (holding that punitive damages must be taken into account where recoverable under state law); *Conrad Assoc.'s v. Hartford Accident & Ind. Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998) (holding that the "amount in controversy" includes claims for general and special damages); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal, 2002) ("Where the law entitles the prevailing plaintiff to recover reasonable attorney fees, a reasonably estimate of fees likely to be incurred to resolution is part of the benefit permissibly sought by the plaintiff and thus contributes to the amount in controversy.").

18. Plaintiff seeks to recover compensatory damages for emotional distress, general damages, physical distress and injury, humiliation, stress, past and future loss of income, and loss of career advancement opportunities (Ex. A, Compl. ¶¶ 32, 40, 49-50, 61-62, 69-70, 87-88, and 96-97; Prayer for Relief ¶ 1-3.)

19. Although Air Products denies all liability, based on Plaintiff's claims for compensatory damages alone, it is more likely than not that the amount in controversy exceeds $75,000, exclusive of interests and costs, as required for diversity jurisdiction pursuant to 28 U.S.C. § 1332.

20. Utilizing the approximate amount of Plaintiff earnings from January 1, 2017 through approximately July 23, 2017 (when Plaintiff began a leave of absence), and extrapolating that for a full year's pay, Plaintiff would have earned approximately $86,000 in 2017. Accordingly, Plaintiff's backpay, if calculated based on Plaintiff's

Baker & McKenzie LLP
1901 Avenue of the Stars,
Suite 950
Los Angeles, CA 90067
+1 310 201 4728

5
NOTICE OF REMOVAL

gross earnings for full-time work for the period from his separation date of August 2, 2018, to a potential trial date of April 29, 2021 (approximately 1 year after filing of the Complaint), would total approximately $234,923.96. In addition, had Plaintiff remained employed with Defendant, Defendant would have continued paying health benefits on behalf of Plaintiff starting from January 1, 2019 through at least the potential trial date of April 29, 2021  (approximately 1 year after filing of the Complaint). Accordingly, the value of Plaintiff's lost benefits, if calculated based on 30% of his total lost wages set forth above, would amount to approximately $70,477.19. Taken together, Plaintiff's damages for lost wages and benefits alone would therefore total, *at a minimum*, approximately $305,401.15, well above the jurisdictional threshold of $75,000.

21. Alternatively, using Plaintiff's hourly rate of $28.35 per hour, Plaintiff's backpay, if calculated based on Plaintiff's gross earnings for full-time work for the period from his separation date of August 2, 2018, to a potential trial date of April 29, 2021 (approximately 1 year after filing of the Complaint), would total approximately $159,894.00. In addition, had Plaintiff remained employed with Defendant, Defendant would have continued paying health benefits on behalf of Plaintiff starting from January 1, 2019 through at least the potential trial date of April 29, 2021  (approximately 1 year after filing of the Complaint). Accordingly, the value of Plaintiff's lost benefits, if calculated based on 30% of his total lost wages set forth above, would amount to approximately $47,968.20. Taken together, Plaintiff's damages for lost wages and benefits alone would therefore total, *at a minimum*, approximately $207,862.20, well above the jurisdictional threshold of $75,000.

22. As such, utilizing Plaintiff's earnings from January 1, 2017 through approximately July 23, 2017 or using Plaintiff's hourly rate brings Plaintiff's damages for lost wages and benefits well above the jurisdictional threshold of $75,000.

23. Added to that amount would also be Plaintiff's alleged damages for humiliation, embarrassment, mental anguish, and physical harm (if any), which only boosts the total amount in controversy much further above $75,000.

24. In addition to citing the facts and allegations as pleaded in Plaintiff's Complaint, a removing defendant may also "introduce evidence of jury verdicts in cases involving analogous facts" to establish the amount in controversy. *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033-34 (N.D. Cal. 2002) (finding it proper to consider evidence from various jury verdict reporters to establish the amount in controversy).

25. Jury verdicts for economic damages in analogous cases are regularly in excess of $75,000. *See, e.g., Kranson v. Federal Express Corp.*, United States District Court for the Northern District of California, Case No. 4-11-cv-05826-YGR (Oct. 15, 2012) (Yvonne Gonzalez Rogers, J.) (awarding **$382,197** to plaintiff in past lost and future earnings, where plaintiff alleged claims for disability discrimination, failure to provide reasonable accommodation, retaliation, and wrongful discharge); *Kamali v. Cal. Dep't of Transp.*, Superior Court of Los Angeles County, Case No. BC426247 (Dec. 21, 2012) (David L. Minning, J.) (awarding **$263,983** in past economic loss and **$300,000** in future economic loss, where plaintiff alleged claims for disability harassment and discrimination, retaliation, failure to engage in the interactive process, failure to provide reasonable accommodation, and failure to prevent harassment and discrimination); *Storm v. Rite Aid Corporation*, Superior Court of Los Angeles, Case No. BC419584 (Nov. 15, 2013) (Michael L. Stern, J.) (awarding **$113,000** in compensatory damages to plaintiff Storm on his claim for wrongful termination in violation of public policy); *Williams v. Metro. Transp. Auth.*, Superior Court of Los Angeles, Case No. BC467568 (Dec. 16, 2013) (Holly E Kendig, J.) (awarding **$498,098.08** in damages, where plaintiff prevailed in his claims for disability discrimination, failure to provide reasonable accommodation, and failure to engage in the interactive process).

26. Although not completely identical in every respect to the case at bar, the foregoing cases contain material similarities, thereby rendering them sufficient for the purpose of establishing the jurisdictional minimum of $75,000. *See Simmons*, 209 F. Supp. 2d at 1033 (stating the "fact that the cited cases involve distinguishable facts is

Baker & McKenzie LLP
1901 Avenue of the Stars,
Suite 950
Los Angeles, CA 90067
+1 310 201 4728

7
NOTICE OF REMOVAL

not dispositive" and that the cited cases "amply demonstrate the potential for large punitive and emotional distress damages awards"). Indeed this case contains similar causes of action to the cases described above, making it more likely than not that the amount in controversy exceeds $75,000 here.

27.  Plaintiff also seeks punitive damages. (*See* Ex A, Compl. ¶¶ 34, 42, 52, 64, 72, 90, 98; Prayer for Relief ¶ 4.) In addition to compensatory damages, punitive damages are also used to determine whether the jurisdictional minimum has been satisfied. *See Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action."). Given that juries often award substantial punitive damages in connection with discrimination, retaliation, or wrongful termination verdicts, and Plaintiff alleges each of these types of claims and more in the present action, it is apparent from the Complaint that the amount in controversy far exceeds $75,000.

28.  Once again, jury verdicts in similar cases are demonstrative of the fact that Plaintiff's potential recovery for punitive damages alone is certainly higher than the amount in controversy jurisdictional threshold. *See, e.g., Nickel v. Staples Contract & Commercial, Inc., et al.*, Superior Court of Los Angeles, Case No. BC481391 (Feb. 26, 2014) (Mark Mooney, J.) (awarding **$22,843,912** in punitive damages to plaintiff who alleged discrimination and retaliation complaints); *Jafa-Bodden v. Bikram Choudhary, et al.*, Superior Court of Los Angeles, Case No. BC512041 (Jan. 26, 2016) (Mark Mooney, J.) (awarding **$6,471,000** in punitive damages, as well as **$924,500** in compensatory damages, to plaintiff who prevailed on claims of discrimination, harassment, and retaliatory termination under FEHA); *Cochran v. CBS Corp., et al.*, Superior Court of Los Angeles, Case No. BC432836 (Nov. 21, 2012) (Kevin C. Brazile, J.) (awarding **$7,769,440** in punitive damages to plaintiff who alleged, among other claims, discrimination, harassment, and retaliation on the basis of disability in violation of FEHA, as well as wrongful termination of employment in violation of public policy).

///

Baker & McKenzie LLP
1901 Avenue of the Stars,
Suite 950
Los Angeles, CA 90067
+1 310 201 4728

Clearly, where Plaintiff's punitive damage award if he succeeds at trial could be six or seven figures, the amount in controversy requirement is satisfied here.

29.   Plaintiff also seeks attorneys' fees. (*See* Ex. A, Compl. ¶¶ 35, 53, 65, 73, 91, 99; Prayer for Relief ¶ 5.) Should Plaintiff prevail on his claim for discrimination and retaliation in violation of FEHA, he will be entitled to recover attorneys' fees. *See* Cal. Govt. Code § 12965(b). When attorneys' fees are recoverable by statute, they are also factored in to the determination of the amount in controversy. *See Richmond*, 897 F. Supp. at 450 (noting that attorneys' fees are included in the amount in controversy "if recoverable by statute or contract").

30.   The reasonable amount of attorneys' fees in a case may be based upon fee awards in similar cases, Plaintiff's counsel's hourly rate, and the number of hours counsel expects to spend on the case. *Brady*, 243 F. Supp. 2d at 1011.

31.   Attorneys' fees in individual discrimination and retaliation cases under FEHA can amount to well more than the jurisdictional amount in controversy standing alone. *See, e.g., Lota v. Home Depot U.S.A., Inc.*, No. 11-cv-05777-YGR, 2013 U.S. Dist. LEXIS 181848, at *64 (N.D. Cal. Dec. 31, 2013) (awarding **$143,915.85** in attorney's fees to plaintiff's counsel, where plaintiff alleged failure to accommodate disability, failure to engage in interactive process, discrimination on account of disability, retaliation, and failure to prevent discrimination and retaliation under FEHA, as well as wrongful termination in violation of public policy); *Noyes v. Kelly Servs.*, No. 2:02-cv-2685-GEB-CMK, 2008 U.S. Dist. LEXIS 73437, at *20-21 (E.D. Cal. Aug. 1, 2008) (granting plaintiff's motion for attorneys' fees in the amount of **$765,972.70** under FEHA, where plaintiff prevailed on claims that defendant employer discriminated against her in violation of FEHA and Title VII of the Civil Rights Act); *Asberry v. City of Sacramento/Sanitation Dep't*, 2004 U.S. Dist. LEXIS 29138, at *16 (E.D. Cal. Apr. 5, 2004) (awarding plaintiff's counsel **$187,646.25** in attorneys' fees, where plaintiff prevailed at trial on claims that defendant employer failed to

///

Baker & McKenzie LLP
1901 Avenue of the Stars,
Suite 950
Los Angeles, CA 90067
+1 310 201 4728

9
NOTICE OF REMOVAL

accommodate his employment disability in violation of FEHA and the Americans with Disabilities Act).

32. Thus, including attorneys' fees, which, in FEHA cases, the prevailing party typically seeks in amounts well into the six digits, the amount in controversy far exceeds the $75,000 threshold.

33. Accordingly, since diversity of citizenship exists between Plaintiff and Air Products, and the amount in controversy between them is in excess of $75,000, this Court has original jurisdiction of the action pursuant to 28 U.S.C. § 1332(a)(1), and Plaintiff's action is removable under 28 U.S.C. § 1441(b).

## VENUE

34. Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Under 28 U.S.C. § 84, this Court embraces the Superior Court of the State of California for the County of Los Angeles. Accordingly, this Court is the appropriate Court under this statute to which remove this action. 28 U.S.C. § 1441(a).

## NOTICE OF REMOVAL

35. Air Products will give notice of the filing of this Notice of Removal to Plaintiff and to the Clerk of the Superior Court of the State of California for the County of Los Angeles, Case No. 20STCV16299. This Notice of Removal is concurrently being served on Plaintiff and Air Products shall file with this Court a certificate of service of such notice.

///
///
///
///
///

# PRAYER FOR REMOVAL

36. WHEREFORE, Air Products respectfully prays that this matter, now pending in the Superior Court of the State of California, County of Los Angeles, case number 20STCV16299, be removed to the United States District Court for the Central District of California, Western Division.

Dated: June 4, 2020

Respectfully submitted,

**BAKER & MCKENZIE LLP**

By: /s/ *Lara A. Grines*
Lara A. Grines

Attorney for Defendant
AIR PRODUCTS AND
CHEMICALS, INC.

Baker & McKenzie LLP
1901 Avenue of the Stars,
Suite 950
Los Angeles, CA 90067
+1 310 201 4728

11
NOTICE OF REMOVAL