# EXHIBIT A

Case 2:20-cv-04953-DSF-E Document 1-1 Filed 06/04/20 Page 2 of 17 Page ID #:13

20STCV16299
Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Michelle Williams Court

Electronically FILED by Superior Court of California, County of Los Angeles on 04/29/2020 12:24 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Barel,Deputy Clerk

Mohamed Eldessouky, Esq., State Bar No. 289955
mohamed@eldessoukylaw.com
Maria E. Garcia, Esq., State Bar No. 321700
maria@eldessoukylaw.com
**ELDESSOUKY LAW, APC**
17139 Bellflower Blvd., Suite 202
Bellflower, CA 90706
Telephone: (562) 461-0995
Facsimile: (562) 461-0998

Attorneys for Plaintiff
**MARSHALL KNIGHT**

# IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| MARSHALL KNIGHT<br><br>Plaintiff,<br><br>v.<br><br>AIR PRODUCTS AND CHEMICALS, INC., a corporation; and DOES 1 through 25, inclusive<br><br>Defendants. | Case No. 20STCV16299<br><br>UNLIMITED JURISDICTION<br><br>**COMPLAINT FOR DAMAGES FOR:**<br>1. Disability Discrimination (Cal. Gov't Code § 12940(a));<br>2. Failure to Accommodate (Cal. Gov't Code § 12940(m));<br>3. Failure to Engage in an Interactive Process (Cal. Gov't Code § 12940(n));<br>4. Retaliation under FEHA (Cal. Gov't Code § 12940(h));<br>5. Failure to Prevent Harassment and Discrimination (Cal. Gov't Code § 12940(k));<br>6. Retaliation under CFRA (Cal. Gov't Code § 12945.2(l)(1)); and<br>7. Wrongful Termination in Violation of Public Policy.<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff MARSHALL KNIGHT, by and through his attorney, alleges against Defendants, and each of them, as follows:

## JURISDICTION AND VENUE

1. Jurisdiction is conferred on the Court over Defendants named herein as they are

-1-

COMPLAINT FOR DAMAGES

residents of the State of California, and/or conducts business in the State of California. Jurisdiction is conferred on this Court as to all causes of action as they arise under state statutory or common law.

2. Venue is proper in this Court because Defendants reside in this County or conducts business in this County, and because a substantial part of the events and omissions giving rise to Plaintiff's causes of action occurred in this County.

## THE PARTIES

3. Plaintiff is, and at all times material hereto was an individual residing in the County of Los Angeles, State of California.

4. Plaintiff is informed, believes and on that basis alleges that at all times relevant herein, Defendant AIR PRODUCTS AND CHEMICALS, INC. ("Defendant"), was a corporation doing business under the laws of the State of California, in the County of Los Angeles.

5. Plaintiff is informed and believes, and based upon such information and belief, alleges that Defendants DOES 1 through 25 are employed by Defendant, or acted in partnership with AIR PRODUCTS AND CHEMICALS, INC., in hiring, training, supervising, and retaining Defendants DOES 1 through 25.

6. The true names and capacities of Defendants sued herein as Does 1 through 25, inclusive, are unknown to Plaintiff, who therefore sues such Defendants by such fictitious names pursuant to Code of Civil Procedure § 474. Plaintiff alleges that each fictitiously named Defendant acted or failed to act in such a manner that each has contributed in proximately causing the damages to Plaintiff as herein alleged. Plaintiff will seek leave of Court to amend this Complaint to set forth their true names and capacities when ascertained.

7. All of the acts and failures to act alleged herein were duly performed by and attributable to all Defendants, each acting as a successor, agent, alter ego, employee, indirect employer, joint employer, integrated enterprise and/or under the direction and control of the others, except as specifically alleged otherwise. Said acts and failures to act were within the scope of such agency and/or employment, and each Defendant participated in, approved and/or ratified the unlawful acts and omissions by the other Defendants complained of herein. Whenever and wherever reference is made in this Complaint to any act by a Defendant or Defendants, such allegations and

reference shall also be deemed to mean the acts and failures to act of each Defendant acting individually, jointly, and/or severally.

## FACTS COMMON TO MORE THAN ONE CAUSE OF ACTION

8. Plaintiff commenced his employment with Defendant as a Driver on May 31, 2016.

9. Throughout Plaintiff's employment, he competently executed all tasks.

10. On May 25, 2017, Plaintiff suffered an injury to his right knee during the course of his employment. Plaintiff reported the injury to Defendant and took a few days off in the hopes that his injury would subside.

11. On June 1, 2017, while Plaintiff was taking off work time to recover from his injury, Plaintiff was suspended for two days without pay for taking 12 days off over the span of 11 months. These absences were due to his own personal illness, as well as those of his wife and child.

12. Plaintiff did not see improvement following a few days of rest. Defendant referred Plaintiff to a medical provider for treatment. On June 5, 2017, Plaintiff was issued work restrictions consisting of: limited standing and walking, no motor vehicle driving at work, no kneeling, squatting, climbing, or ladders, no push, no pull, and no lifting greater than 15 pounds. Defendant refused to accommodate Plaintiff's work restrictions and instead placed him on medical leave.

13. Plaintiff's June 5, 2017 work restrictions were extended through July 24, 2017. On July 25, 2017, Plaintiff's work restrictions were modified to: no climbing ladders, and no repetitive kneeling or squatting, the restrictions were to remain in place through August 8, 2017.

14. Plaintiff was still in pain, his knee was swollen and he had trouble walking, Plaintiff informed his supervisor that he wanted a second medical opinion. Almost a year after Plaintiff requested a second medical opinion, Plaintiff's qualified medical examiner determined that Plaintiff's initial medical provider was not qualified to provide the proper care needed by Plaintiff and had provided Plaintiff "marginal treatment without any focused idea of [Plaintiff's injury]".

15. On August 20, 2017, Plaintiff sought a second medical opinion, with a chiropractor, and was placed on temporary total disability and referred him for a consultation with an orthopedic surgeon.

16. On February 7, 2018, Plaintiff was evaluated by an orthopedic surgeon. The

-3-

1 orthopedic surgeon determined that Plaintiff was able to perform sedentary work and issued work
2 restrictions from February 7, 2018 through March 7, 2018 as follows: no squatting, kneeling,
3 climbing, no lifting over 30 lbs.

4   17.   On February 9, 2018, Plaintiff sent a fax to his direct supervisor updating him on his
5 medical status and work restrictions. Plaintiff's direct supervisor called Plaintiff and informed him
6 that the company would not be able to accommodate his work restrictions and he needed to continue
7 on disability.

8   18.   On February 28, 2018, Plaintiff's orthopedic surgeon placed Plaintiff on temporary
9 total disability.

10   19.   On July 30, 2018, Plaintiff underwent a qualified medical evaluation with a board
11 certified orthopedic surgeon. In his report, the qualified medical examiner states that "Mr. Knight is
12 fit to perform his usual and customary work restrictions and that Plaintiff "should have been on
13 modified duty and he never should have been on [temporary total disability]". The qualified medical
14 examiner further noted that Plaintiff could be treated with a knee brace, anti-inflammatory
15 medications, and intermittent corticosteroid injections.

16   20.   On August 1, 2018, Defendant issued a letter to Plaintiff indicating that he would be
17 terminated effective August 2, 2018 because his workers' compensation claim had not yet been
18 approved and he had been absent for more than 12 months, which was the maximum period of unpaid
19 leave available to him, and he had not given an indication of when, or if he would be able to perform
20 the essential functions of his position as a truck driver.

21   21.   Had Defendant not taken the hasty decision to improperly terminate Plaintiff, and awaited
22 the qualified medical evaluation report, they would have received the indication that at the time of his
23 termination he was able to perform the essential functions of his position.

24   22.   On July 30, 2019, Plaintiff obtained a right to sue letter from the Department of Fair
25 Employment and Housing ("DFEH"), Matter Number: 201907-07018630.

26 ///
27 ///
28 ///

-4-

# FIRST CAUSE OF ACTION

## DISABILITY DISCRIMINATION IN VIOLATION OF FEHA

### (CAL. GOV'T CODE § 12940(a) et seq.)

### (Against All Defendants Inclusive of DOES 1-25)

23. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs as though fully set forth herein.

24. The California Fair Employment and Housing Act ("FEHA") prohibits employers from discharging or otherwise discriminating against an employee on the basis of disability in compensation, terms, conditions, or privileges of employment. Cal. Gov't Code § 12940(a).

25. At all times mentioned in this Complaint, Plaintiff was an "eligible employee" under the California Labor and Government Codes.

26. At all times mentioned in this Complaint, Defendant was a "covered employer" under FEHA, Cal. Gov't Code § 12900, et seq., as Defendant employed 5 or more people to perform services for a salary or wage in the State of California.

27. Plaintiff suffered from a disability during his employment with Defendants. Plaintiff was subjected to discrimination and adverse employment action when, on August 2, 2018, his employment was terminated for needing medical leave of absence and suffering from a disability.

28. Plaintiff reasonably believes he can perform the essential functions of multiple employment positions with Defendants, including, but not limited to, truck driver.

29. Plaintiff was able to perform the essential functions of his job with reasonable accommodation at the time of his termination.

30. Plaintiff is informed and believes, and thereon alleges, that his disability, and need for medical leave of absence, were substantial motivating reasons for Defendant's decision to terminate his employment, in violation of Government Code § 12940, *et seq.*

31. As a direct and proximate result of the unlawful conduct of the Defendants, Plaintiff has suffered special damages, including, but not limited to, past and future loss of income, benefits, and other damages to be proven at time of trial.

32. As a direct and proximate result of the unlawful conduct of the Defendants, Plaintiff

-5-

has suffered general damages, including, but not limited to, shock, embarrassment, physical distress and injury, humiliation, emotional distress, stress and other damages to be proven at the time of trial.

33. The unlawful conduct alleged above was engaged in by supervisors and/or managing agents of each of the Defendants who were acting at all times relevant to this Complaint within the scope and course of their employment. Defendants are liable for the conduct of said agents and employees under the doctrine of strict liability.

34. Defendants committed these acts maliciously, fraudulently, and oppressively in conscious disregard for the Plaintiff's rights. Defendants committed and/or ratified the acts alleged herein. These acts were committed with the knowledge of employees' lack of fitness in the workplace but were allowed to proceed, managing agents of Defendants. Plaintiff is therefore entitled to recover punitive damages from Defendants in an amount according to proof at trial.

35. As a result of the conduct of Defendants, Plaintiff was forced to retain an attorney in order to protect his rights. Accordingly, Plaintiff seeks the reasonable attorneys' fees and costs incurred in this litigation in an amount according to proof at trial.

## SECOND CAUSE OF ACTION

### FAILURE TO ACCOMMODATE IN VIOLATION OF FEHA

### (CAL. GOV'T CODE § 12940(m) et seq.)

### (Against All Defendants Inclusive of DOES 1-25)

36. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs as though fully set forth herein.

37. Defendants had an affirmative duty to make reasonable accommodations for Plaintiff's disability. This duty arises even if an accommodation is not requested. Defendants breached this duty first when they refused to accommodate Plaintiff's works restrictions of June 5, 2017 and February 7, 2018 along with the corresponding extensions, and subsequently when they terminated Plaintiff on August 2, 2018, without accommodating Plaintiff's disability and work restrictions.

38. Defendants failed to allow Plaintiff adequate time to return to work.

39. As a direct and proximate result of the unlawful conduct of the Defendants, Plaintiff

1 has suffered special damages, including, but not limited to, past and future loss of income, benefits, and other damages to be proven at time of trial.

40. As a direct and proximate result of the unlawful conduct of the Defendants, Plaintiff has suffered general damages, including, but not limited to, shock, embarrassment, physical distress and injury, humiliation, emotional distress, stress and other damages to be proven at the time of trial.

41. The unlawful conduct alleged above was engaged in by the officers, directors, supervisors and/or managing agents of each of the Defendants who were acting at all times relevant to this Complaint within the scope and course of their employment. Defendants are liable for the conduct of said agents and employees under the doctrine of strict liability.

42. Defendants committed these acts maliciously, fraudulently and oppressively in conscious disregard for the Plaintiff's rights. Defendants committed and/or ratified the acts alleged herein. These acts were committed with the knowledge of employees' lack of fitness in the workplace but were allowed to proceed, by officers, directors, and/or managing agents of Defendants. Plaintiff is therefore entitled to recover punitive damages from Defendants in an amount according to proof at trial.

## THIRD CAUSE OF ACTION
## FAILURE TO ENGAGE IN AN INTERACTIVE PROCESS
## IN VIOLATION OF FEHA
## (CAL. GOV'T CODE § 12940(n) et seq.)
### (Against All Corporate Defendants Inclusive of DOES 1-25)

43. Plaintiff alleges and incorporates by reference the allegations in the proceeding paragraphs as though fully set forth herein.

44. Plaintiff was diagnosed with a disability that limited Plaintiff in major life activities, including, but not limited to, working. Defendants knew about Plaintiff's disability. Despite his disability, Plaintiff was qualified and able to perform the essential functions of his job with a reasonable accommodation or continued medical leave.

///

-7-
COMPLAINT FOR DAMAGES

45. Plaintiff maintained Defendants informed of his need for continued time off to cope with his disability. Plaintiff timely followed protocol and made sure his employer received the required information.

46. Defendants failed to engage in a good faith interactive process to determine whether further reasonable accommodation, or current reasonable accommodations of extended medical leave, could be made to ensure Plaintiff could return to work and perform the essential functions of his job, or other open positions with Defendants. Instead, Defendants choose to not to accommodate Plaintiff's need for additional accommodation and leave from work.

47. Defendants failed to perform an individual assessment of Plaintiff's ability to perform the essential functions of any position with Defendant, either with or without a reasonable accommodation.

48. Defendant's failure to engage in the interactive process was a substantial factor in causing Plaintiff harm.

49. As a direct and proximate result of the unlawful conduct of the Defendants, Plaintiff has suffered special damages, including, but not limited to, past and future loss of income, benefits, and other damages to be proven at time of trial.

50. As a direct and proximate result of the unlawful conduct of the Defendants, Plaintiff has suffered general damages, including, but not limited to, shock, embarrassment, physical distress and injury, humiliation, emotional distress, stress and other damages to be proven at the time of trial.

51. The unlawful conduct alleged above was engaged in by the officers, directors, supervisors and/or managing agents of each of the Defendants who were acting at all times relevant to this Complaint within the scope and course of their employment. Defendants are liable for the conduct of said agents and employees under the doctrine of strict liability.

52. Defendants committed these acts maliciously, fraudulently and oppressively in conscious disregard for the Plaintiff's rights. Defendants committed and/or ratified the acts alleged herein. These acts were committed with the knowledge of employees' lack of fitness in the workplace but were allowed to proceed, managing agents of Defendants. Plaintiff is therefore entitled to recover punitive damages from Defendants in an amount according to proof at trial.

53. As a result of the conduct of Defendants, Plaintiff was forced to retain an attorney in order to protect his rights. Accordingly, Plaintiff seeks the reasonable attorneys' fees and costs incurred in this litigation in an amount according to proof at trial.

## FOURTH CAUSE OF ACTION

## RETALIATION IN VIOLATION OF FEHA

## (CAL. GOV'T CODE § 12940(h) et seq.)

## (Against All Defendants Inclusive of DOES 1-25)

54. Plaintiff alleges and incorporates by reference the allegations in the proceeding paragraphs as though fully set forth herein.

55. California law further protects employees from retaliation for exercising the right to oppose a practice prohibited by FEHA, Cal. Gov't Code, § 12900, *et seq.*

56. Plaintiff's requests for accommodation of his work restrictions and his medical leave related to his disability were motivating reasons for his termination.

57. Defendant's retaliatory conduct was a substantial factor in causing Plaintiff's harm.

58. Defendants committed unlawful retaliation in violation of Section 12940, subdivision (h), by terminating Plaintiff for seeking accommodation and opposing disability discrimination, practices prohibited by FEHA. Plaintiff was subjected to discrimination and adverse employment action by Defendants because of his disability. Specifically, Defendants terminated Plaintiff for his request for time off to deal with his disability. In addition, Defendant refused to accommodate Plaintiff's disability.

59. Defendants, by and through its supervisors and/or agents, discriminated and retaliated against Plaintiff because of his disability. Plaintiff was subjected to discrimination and adverse employment action by Defendants because of his disability. Specifically, Defendants terminated Plaintiff for requesting, and needing, medical leave of absence related to his disability.

60. Plaintiff is informed and believes, and thereon alleges, that his disability, along with the possibility that he might require leave for treatment in the future, were substantial motivating factors in Defendants' decision to treat him differently from similarly situated non-disabled employees. Plaintiff further alleges, on information and belief, that he was subjected to different terms

-9-
COMPLAINT FOR DAMAGES

and conditions of employment than his non-disabled co-workers.

61. As a direct and proximate result of the unlawful conduct of the Defendants, Plaintiff has suffered special damages, including, but not limited to, past and future loss of income, benefits, and other damages to be proven at time of trial.

62. As a direct and proximate result of the unlawful conduct of the Defendants, Plaintiff has suffered general damages, including, but not limited to, shock, embarrassment, physical distress and injury, humiliation, emotional distress, stress and other damages to be proven at the time of trial.

63. The unlawful conduct alleged above was engaged in by supervisors and/or managing agents of each of the Defendants who were acting at all times relevant to this Complaint within the scope and course of their employment. Defendants are liable for the conduct of said agents and employees under the doctrine of strict liability.

64. Defendants committed these acts maliciously, fraudulently, and oppressively in conscious disregard for the Plaintiff's rights. Defendants committed and/or ratified the acts alleged herein. These acts were committed with the knowledge of employees' lack of fitness in the workplace but were allowed to proceed, by managing agents of Defendants. Plaintiff is therefore entitled to recover punitive damages from Defendants in an amount according to proof at trial.

65. As a result of the conduct of Defendants, Plaintiff was forced to retain an attorney in order to protect his rights. Accordingly, Plaintiff seeks the reasonable attorneys' fees and costs incurred in this litigation in an amount according to proof at trial.

## FIFTH CAUSE OF ACTION

**FAILURE TO PREVENT DISCRIMINATION IN VIOLATION OF FEHA**

**(CAL. GOV'T CODE § 12940(k) et seq.)**

**(Against All Defendants Inclusive of DOES 1-25)**

66. Plaintiff alleges and incorporates by reference the allegations in the proceeding paragraphs as though fully set forth herein.

67. Defendants failed to take all reasonable steps to prevent harassment and discrimination against Plaintiff from occurring and failed to take immediate corrective action to remedy the discrimination, in violation of FEHA, Cal. Gov't Code § 12940(k)).

-10-

68. Specifically, Defendants failed to take any disciplinary measures to prevent and/or remedy the discrimination against Plaintiff, such as issuing a formal warning, providing counseling, or imposing probation, suspension, or termination, or conducting a prompt and thorough investigation into discrimination, and retaliation, that are the subject of this lawsuit.

69. As a direct and proximate result of the unlawful conduct of the Defendants and Defendants failure to act, Plaintiff has suffered special damages, including, but not limited to, past and future loss of income, benefits, and other damages to be proven at time of trial.

70. As a direct and proximate result of the unlawful conduct of the Defendants, Plaintiff has suffered general damages, including, but not limited to, shock, embarrassment, physical distress and injury, humiliation, emotional distress, stress and other damages to be proven at the time of trial.

71. The unlawful conduct alleged above was engaged in by supervisors and/or managing agents of each of the Defendants who were acting at all times relevant to this Complaint within the scope and course of their employment. Defendants are liable for the conduct of said agents and employees under the doctrine of strict liability.

72. Defendants committed these acts maliciously, fraudulently, and oppressively in conscious disregard for the Plaintiff's rights. Defendants committed and/or ratified the acts alleged herein. These acts were committed with the knowledge of employees' lack of fitness in the workplace but were allowed to proceed managing agents of Defendants. Plaintiff is therefore entitled to recover punitive damages from Defendants in an amount according to proof at trial.

73. As a result of the conduct of Defendants, Plaintiff was forced to retain an attorney in order to protect his rights. Accordingly, Plaintiff seeks the reasonable attorneys' fees and costs incurred in this litigation in an amount according to proof at trial.

## SIXTH CAUSE OF ACTION

### RETALIATION IN VIOLATION OF CFRA

(CAL. GOV'T CODE § 12945.2(l)(1))

(Against All Defendants Inclusive of DOES 1-25)

74. Plaintiff alleges and incorporates by reference the allegations in the proceeding paragraphs as though fully set forth herein.

-11-
COMPLAINT FOR DAMAGES

75. The California Family Rights Act ("CFRA"), Cal. Gov't Code § 12945.2, et seq., ensures employee leave rights for, *inter alia*, an employee's own serious health condition.

76. California Government Code section 12945.2 (t) states, in part, it is unlawful to "retaliate against any individual because of his or her exercise of the right to family care or medical leave as provided by CFRA".

77. Plaintiff is informed and believes, and thereon alleges that he was discriminated and retaliated against in the terms and conditions of his employment, as outlined above, as a result of exercising his right to request and/or take medical leave from his employment.

78. Plaintiff was an "eligible employee" under the California Family Rights Act ("CFRA").

79. Defendants were a "covered employer" under the CFRA.

80. Plaintiff provided employer Defendants with adequate notice of Plaintiff's request for protected medical leave.

81. Plaintiff took medical leave from his employment for reasons covered under the CFRA, including Plaintiff's own serious medical condition.

82. Defendants violated the CFRA, and retaliated against Plaintiff by retaliating and terminating his employment for taking protected leave from work.

83. Defendants had a legal duty to not interfere or retaliate with Plaintiff's rights under the CFRA.

84. Plaintiff is informed and believes and thereon alleges that Defendants willfully and/or with reckless indifference, violated the CFRA, California Government Code Section 12945.2, by retaliating against Plaintiff for exercising his right to take a medical leave. Such actions have resulted in damage and injury to Plaintiff as alleged herein.

85. Plaintiff's disability and assertion of his right to CFRA leave were motivating reasons for his termination.

86. Defendants' retaliatory conduct was a substantial factor in causing Plaintiff's harm.

87. As a direct and proximate result of the unlawful conduct of the Defendants, Plaintiff has suffered special damages, including, but not limited to, past and future loss of income, benefits,

-12-

and other damages to be proven at time of trial.

88. As a direct and proximate result of the unlawful conduct of the Defendants, Plaintiff has suffered general damages, including, but not limited to, shock, embarrassment, physical distress and injury, humiliation, emotional distress, stress and other damages to be proven at the time of trial.

89. The unlawful conduct alleged above was engaged in by the officers, directors, supervisors and/or managing agents of each of the Defendants who were acting at all times relevant to this Complaint within the scope and course of their employment. Defendants are liable for the conduct of said agents and employees under the doctrine of strict liability.

90. Defendants committed these acts maliciously, fraudulently, and oppressively in conscious disregard for the Plaintiff's rights. Defendants committed and/or ratified the acts alleged herein. These acts were committed with the knowledge of employees' lack of fitness in the workplace but were allowed to proceed, by managing agents of Defendants. Plaintiff is therefore entitled to recover punitive damages from Defendants in an amount according to proof at trial.

91. As a result of the conduct of Defendants, Plaintiff was forced to retain an attorney in order to protect his rights. Accordingly, Plaintiff seeks the reasonable attorneys' fees and costs incurred in this litigation in an amount according to proof at trial.

## SEVENTH CAUSE OF ACTION

## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

### (Against All Corporate Defendants Inclusive of DOES 1-25)

92. Plaintiff alleges and incorporates by reference the allegations in the proceeding paragraphs as though fully set forth herein.

93. At all times relevant to this Complaint, FEHA was in full force and effect and binding upon Defendants. FEHA prohibits employers from discharging or otherwise discriminating or retaliating against an employee on the basis of disability in compensation, terms, conditions, or privileges of employment. Cal. Gov't Code § 12940(a).

94. It is "the public policy of this state that it is necessary to protect and safeguard the right and opportunity of all persons to seek, obtain, and hold employment without discrimination or abridgment on account of . . . physical disability, mentally disability, [or] medical condition." Cal.

-13-

Gov't Code § 12920.

95. Defendants violated California public policy by terminating Plaintiff's employment because of his disability, and right to take medical leave. The termination was in violation of fundamental, substantial public policies of this state, including, but not limited to the FEHA, CFRA, and FMLA.

96. As a direct and proximate result of the unlawful conduct of the Defendants, Plaintiff has suffered actual, consequential, and incidental damages, including without limitation, loss of regular employment and loss of career advancement opportunities in an amount subject to proof at trial.

97. As a direct and proximate result of the unlawful conduct of the Defendants, Plaintiff has suffered, and continues to suffer, substantial earnings and job benefits, in addition to humiliation, embarrassment, and mental and emotional distress in an amount exceeding jurisdictional limits, the precise amount of which is subject to proof at trial.

98. Defendants' acts were committed maliciously, fraudulently, and oppressively, with the wrongful intention of harming Plaintiff. Therefore, Plaintiff is entitled to punitive damages in amount subject to proof at trial.

99. Defendants' wrongful conduct has also necessitated the retention of legal counsel to pursue Plaintiff's claims, the costs of which should be borne by Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against defendant, and each of them, as follows:

1. For all actual, consequential, and incidental financial losses, including but not limited to, loss of earnings and employment benefits, together with prejudgment interest, according to proof;

2. For declaratory relief;

3. For compensatory, general, and special damages, including front pay, in an amount according to proof;

4. For punitive damages;

-14-

COMPLAINT FOR DAMAGES

5.  For statutory attorneys' fees;

6.  For prejudgment and post-judgment interest according to any applicable provision of law, according to proof;

7.  For costs of suit;

8.  For expert witness fees pursuant to FEHA; and

9.  For such other and further relief as the Court may deem just and proper.

Dated: April 29, 2020                      **ELDESSOUKY LAW, APC**

By: _____
Mohamed Eldessouky, Esq.
Attorneys for Plaintiff
MARSHALL KNIGHT

Electronically FILED by Superior Court of California, County of Los Angeles on 04/29/2020 12:24 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Barel,Deputy Clerk
Case 2:20-cv-04953-DSF-E   Document 1-1   Filed 06/04/20   Page 17 of 17   Page ID #:28
20STCV16299

| | **SUM-100** |
|---|---|

# SUMMONS
## (CITACION JUDICIAL)

| | FOR COURT USE ONLY |
|---|---|
| | (SOLO PARA USO DE LA CORTE) |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

AIR PRODUCTS AND CHEMICALS, INC., a corporation; and DOES 1 through 25, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MARSHALL KNIGHT

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (*www.sucorte.ca.gov*), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (*www.lawhelpcalifornia.org*), en el Centro de Ayuda de las Cortes de California, (*www.sucorte.ca.gov*) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: | CASE NUMBER: *(Número del Caso):* |
|---|---|
| *(El nombre y dirección de la corte es):* | 20STCV16299 |

Stanley Mosk Courthouse
111 N. Hill Street, Los Angeles, CA, 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Mohamed Eldessouky, Esq.; Eldessouky Law, APC; 17139 Bellflower Blvd., Ste. 202, Bellflower, CA 90706; (562) 461-0995

| DATE: 04/29/2020 | Clerk, Sherri R. Carter Executive Officer / Clerk of Court | Deputy |
|---|---|---|
| *(Fecha)* | *(Secretario)* M. Barel | *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date)*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov